PHILIP S. & E. WOODWARD v. WM. SUGGETT ET AL.

(Case No. 4639.)

1. INNOCENT PURCHASER — COMMUNITY PROPERTY.— Land conveyed by deed to the surviving husband after his wife's death, was sold by him, and against his vendee the heirs of his deceased wife asserted title in right of a community interest claimed to have been inherited from their mother. The date of the deed to the surviving husband had been erased and a date written in lieu thereof. *Held*,

(1) The purchaser from the surviving husband having paid value for the land, was not charged with notice that his vendor asserted by parol his right to the land before the death of his wife, no notice of such assertion of claim being brought home to the purchaser.

(2) The payment of taxes on the land by the vendor before his wife's death did not charge the purchaser with notice of the community character of the title, in the absence of notice brought home to him of that fact.

(3) The title was not affected by suspicion on account of an erasure in the date of the deed to the surviving husband, when it was shown that the date, as it appeared last written in the deed, was the real date of its execution.

(4) There being nothing to put a purchaser for value on notice of the existence of a community interest of the deceased wife in the land purchased, and the title appearing from the record of deeds for the county to have vested in the surviving husband, the title passed by his deed to his vendee for value.

ERROR from Coryell. Tried below before the Hon. Thos. L. Nugent.

Suit brought by William Suggett, as the next friend of George Suggett and Mary Suggett, minors, against S. Woodward and Eleanor L. Woodward, alleging that plaintiffs were minor children of Wm. Suggett, who died in 1867 possessed of one thousand four hundred and seventy-six acres of land; that it was the separate property of William Suggett; asking for judgment for two-fifths of the land, that commissioners of partition be appointed, and cancellation of deeds. They alleged that Mary Suggett and George Suggett, by their next friend, William Suggett, together with Henry Suggett, Jane E. Lowe, joined *pro forma* by her husband, Frank R. Lowe, and —— Suggett were the only children and heirs at law of Wm. Suggett, who died in 1867 possessed of the land; that the same was his separate property; that Catherine E. Suggett was the wife of Wm. Suggett, deceased; that she died in 1876; that Catherine E. and Wm. Suggett were the father and mother of petitioners. They asked for judgment for all the land, less three-fifths interest conveyed by William Suggett, Henry Suggett and Jane E. Lowe, *nee* Suggett, joined by her husband, Frank Lowe, to Abner Womack, by deed dated October 20, 1874, and that said deed be canceled and re-

formed; for judgment and decree partitioning the land between plaintiffs and defendants, and appointment of commissioners.

The first portion of the opinion applies to facts, which it would consume much space to state, and of which the statute of descents is decisive, while the testimony affecting title under the deed of October 20, 1874, to Abner Womack, and under his deed to Mrs. Woodward, is stated sufficiently in the opinion.

*Thos. Rock,* for plaintiff in error.

No briefs for defendants in error on file.

WILLIE, CHIEF JUSTICE.— Under the pleadings and evidence in this cause it is clear that so much of the judgment as finds in favor of the minors George Suggett and Mary Suggett four hundred and thirty-two and two-thirds acres of the land in controversy is correct and must be affirmed. The land was proved to have been the separate property of the father of these minors; that they, as his heirs, were entitled to two-fifths of it, and as heirs of their deceased brother (James) to one-twelfth more. The deed of their mother, made after the death of their father, conveyed to Womack only her life estate in one-third of the land, and the one-twelfth inherited by her from James, her deceased child. She having died, and her life estate having become thereby extinguished, and three of her children being adults, having conveyed to Womack their interest in the land, and making no claim to it, Womack became invested with three-fifths and one-twelfth of the land. This was the condition of the title on the day that Womack conveyed to Mrs. Woodward, *i. e.,* the minor plaintiffs held an interest in it of two-fifths and one-twelfth, or four hundred and thirty-two and two-thirds acres, and Womack an interest of three-fifths added to one-twelfth, or seven hundred and forty-seven and one-third acres. As Mrs. Suggett had warranted the title to the land sold by her, *i. e.,* one-half of the tract in controversy, which warranty had failed, and her heirs had received from her estate property to the value of $160, they were therefore bound to make good the warranty to that extent, and hence the judgment finding for appellants as against plaintiffs that amount of money was also correct.

The only remaining question arises between the heirs of Womack and the appellees. The evidence shows that Womack's first wife died March 24, 1874, and that he received his deeds from the Suggetts October 20, 1874, seven months thereafter. These deeds were

duly acknowledged on the same day they were made, and were shortly thereafter placed upon record, and were on record at the time Mrs. Woodward purchased and received her deed from Womack.

In this state of facts there can be no doubt but that Mrs. Woodward obtained a good title to all of the tract Womack was authorized to convey, viz., seven hundred and forty-seven and one-third acres, unless she had notice, actual or constructive, that Womack had no authority to convey the land or some portion of it, for there is no question made as to her having paid for the land a valuable consideration.

It was claimed by the intervenors below that the land was not Womack's separate property, but the community estate of himself and his first wife (of which latter they were heirs), and hence that he could convey but one-half of it. The proof strongly tends to show, and perhaps makes it sufficiently appear, that this land was the community property of Womack and wife; but does it establish that Mrs. Woodward was charged with notice of that fact?

The proof on the subject amounted to about this: That Womack frequently stated that the land was community property; that he paid taxes on it for several years before he received his deeds from the Suggetts, and during the life-time of his wife; and in those deeds it appears that the original dates had been erased and the 20th of October inserted in their places.

These declarations as to title were not shown to have been made to Woodward or wife, or to have ever been communicated to them in any way. They certainly cannot be affected by any statements as to Womack's interest in the land, made by him to third parties, of which they had no knowledge, or else the necessity for the registration laws would be suspended, and their advantages wholly destroyed. No case has carried the doctrine of notice this far, and no reason can be urged why it should be so extended.

Nor did the payment of the taxes by Womack affect the purchaser with notice that he had title to the land previous to the date of his deed. No purchaser is bound to examine the tax rolls of the county in quest of the true state of the title of land which he is about to purchase. They are not made records for that purpose. The books of the county clerk are the ones which he must examine, and the party in whom they show the title to exist is the one from whom he must purchase, unless he has notice from other sources to the contrary. The law requires him to examine these books, and charges him with notice of their contents whether he does or not.

As to other books or papers it makes no such requirement, and he is chargeable with notice of their contents only in the event he actually makes an examination of them or has information which should lead him to search their contents. It was not shown that appellees had ever examined as to who paid taxes on the land, or had been put upon inquiry as to that fact.

The evidence does not inform us what dates were erased from the deeds in lieu of which "20th of October, 1874," was inserted. The general rule of law seems to be that, where nothing appears to the contrary, the alteration will be presumed to be contemporaneous with the execution of the instrument. 1 Greenl. on Ev., 564.

There were other facts in the record which strengthen this presumption in the present case, but we need not resort to them, as it appears from the statement of facts that the plaintiff below proved that the conveyances in which the erasures occurred were actually executed on the 20th day of October, 1874. This fact was not contradicted in any way whatever, and fully overcame and destroyed all suspicion arising from an alteration in the date of the conveyances.

We think that the evidence showed no notice whatever to the appellants of the fact that the land conveyed to Mrs. Woodward was community property of Womack and wife, and that she obtained by the deed from Abner Womack a good title to seven hundred and forty-three and two-thirds acres of the land in controversy, and the judgment of the court below was erroneous in awarding her only one-half that amount. The judgment will therefore be reversed and so reformed as to decree a recovery to George and Mary Suggett of four hundred and thirty-two and two-thirds acres of the land, against the intervenors and defendants below; and to P. S. and Eleanor Woodward seven hundred and forty-three and one-third acres of the land as against both the plaintiffs and intervenors, and $160 in money against the plaintiffs alone; and that the intervenors take nothing by their intervention, but pay all costs accruing by reason thereof in the court below; that the commissioners appointed in the judgment heretofore, or, in case of their inability or refusal to act, others to be selected by the court, partitioning the land between the plaintiffs, George and Mary Suggett of the one part, and the appellants of the other part, in proportion as fixed by this judgment, but in all other respects conforming to the decree from which this appeal was taken; and that all costs accruing in the court below, except such as have already been decreed against the intervenors, as well as the future costs of partitioning the land,

be assessed against the plaintiffs and defendants in proportion to the amount of land partitioned to each of them.

It is further ordered that the costs of this court be equally devided between the appellants and the said intervenors.

REVERSED AND REFORMED.

[Opinion delivered June 12, 1883.]